# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DEENA SIMONE<br>901 Biddle Lane<br>Phoenixville, PA 19460 | : CIVIL ACTION – LAW<br>: NO.<br>:<br>: |
| Plaintiff, | : *Electronically filed*<br>: |
| vs. | :<br>: |
| CATALENT PHARMA<br>SOLUTIONS, LLC d/b/a CATALENT<br>200 Crossing Boulevard, 7th Floor<br>Bridgewater, NJ 08807 | : JURY TRIAL OF 12 DEMANDED<br>:<br>:<br>:<br>: |
| Defendant. | : |

## COMPLAINT

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 as the action arises under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621, *et seq*. Plaintiff's Notice of Right to Sue letter was issued September 10, 2025 and is attached as Exhibit A and this Complaint was filed within 90 days of receipt of that Notice. Plaintiff cross-filed this matter under the Pennsylvania Human Relations Act, 43 Pa.C.S. §951, *et seq*., with the Pennsylvania Human Relations Commission. Plaintiff seeks the Court to deem this action filed when one year has passed. This Court has supplemental

jurisdiction over the state law claims pursuant to 28 U.S.C. §1367 because they are so related to the federal claims that they form part of the same case.

2. Venue is proper in the Eastern District of Pennsylvania because Plaintiff lives in this district, and Plaintiff worked for Defendant in this District.

## FACTUAL ALLEGATIONS

3. Plaintiff is Deena Simone (hereafter "Plaintiff") who currently resides at 901 Biddle Lane, Phoenixville, Pennsylvania 19460.

4. Defendant is Catalent Pharma Solutions, LLC d/b/a Catalent (hereafter "Defendant"), a foreign limited liability company formed in Delaware which has a corporate office located at 200 Crossing Boulevard, 7th Floor, Bridgewater, New Jersey 08807, and a registered agent of Corporation Service Company with an address of 5235 North Front Street, Harrisburg, PA 17110.

5. Defendant hired Plaintiff as a full-time Accounts Receivable Analyst on November 11, 2019 to work in its Malvern, Pennsylvania office.

6. Defendant terminated Plaintiff on October 24, 2024 based on age discrimination.

7. Plaintiff at the time of termination was 68 years old (DOB: September 9, 1956) and was thus in a protected class because of her age.

8. On several different occasions, starting approximately six (6) months before Plaintiff was terminated, her Supervisor, Fiona Phelps (out of the UK

office), continually brought up the issue of retirement and that Plaintiff should retire.

9. Approximately 2 months prior to being terminated, Defendant gradually began taking Plaintiff's work away and given to two much younger employees, who were in their 20s or 30s, in Defendant's UK office.

10. Plaintiff was told to and did train both of these younger employees.

11. Defendant told Plaintiff that the reasoning behind distributing her work was because her portfolio was too big.

12. In approximately August or September 2024, Defendant implemented a Performance Improvement Plan for Plaintiff with a duration of 45 days that was unjustified.

13. Plaintiff was given contrived alleged problems with her performance.

14. Plaintiff had TEAMS meetings (weekly or biweekly depending on availability of the parties) with her immediate supervisor, Fiona Phelps (based out of the UK office), and her Manager, Jason Bauder (based in Malvern office) to discuss progress.

15. Plaintiff had been performing satisfactorily, and addressing any issues brought to her attention per the feedback she received from both Ms. Phelps and Mr. Bauder during these PIP progress meetings.

16. Ms. Phelps and Mr. Bauder gave Plaintiff no inkling that the PIP meetings and her performance were anything but favorable.

17. However, during Plaintiff's very last PIP meeting Ms. Phelps and Mr. Bauder did a '180' and made it seem as if Plaintiff was doing everything wrong.

18. For the last PIP meeting, Ms. Phelps and Mr. Bauder repeatedly took issue with Plaintiff's performance even though before this last PIP meeting they felt she was doing fine and had no complaints.

19. Ms. Phelps and Mr. Bauder retracted what they had previously said, leaving Plaintiff confused about the entire meeting.

20. Prior to this meeting, Plaintiff had been adhering to all their requests.

21. Plaintiff felt as if this meeting had been contrived and deliberate.

22. The very next day, Plaintiff's presence was requested for a TEAMS meeting.

23. Present for this TEAMS meeting were Plaintiff, Manager Jason Bauder, Supervisor Fiona Phelps and Human Resource Representative Angela Steklenski (Malvern office).

24. Ms. Phelps started off the meeting by stating to Plaintiff that perhaps she is "not cut out for this business" and then informed Plaintiff that she was being terminated.

25. Defendant terminated Plaintiff prior to the end of the 45-day PIP period.

26. Defendant did not offer Plaintiff a specific reason for the termination.

27. Prior to the last PIP meeting, the day before termination, Plaintiff had marked improvement and nothing but praise from her immediate supervisor, Fiona Phelps, as well as Manager Jason Bauder.

28. Plaintiff has very white hair, and has had white hair for many years. After Ms. Phelps had been hired, she and Plaintiff had become friendly during their TEAMS meetings. Ms. Phelps brought up 'jokingly' wanting to retire quite often. Plaintiff however made it quite clear to Ms. Phelps that she had no intention of retiring anytime in the near future.

29. Plaintiff believes, and therefore avers, that Defendant's sudden change in attitude and view of her performance was contrived by Defendant and was used to terminate her because of her age.

30. Plaintiff was illegally terminated based on discrimination because of her age.

31. Plaintiff was discriminated against because of her age.

32. Plaintiff was replaced by younger workers whom Plaintiff trained who were less qualified.

33. Defendant, by and through its agents, managers, employees, and HR officials, many of the foregoing holding positions of authority, violated Plaintiff's rights.

34. Defendant acted willfully and in disregard of Plaintiff's federal rights making it liable for liquidated damages under the ADEA.

35. At all relevant times, the Defendant did not act in good faith and the activity of terminating Plaintiff was done in consultation with second-line supervisors or above.

36. Defendant's activity herein was not done pursuant to good-faith practices in anti-discrimination requiring <u>Kolstad</u> liability.

37. No similarly-situated members of other protected classes were treated in this fashion.

38. Plaintiff's counsel has incurred attorney's fees and costs which are recoverable under the ADEA.

39. Plaintiff experienced humiliation, embarrassment, emotional distress, and mental anguish, including the need for psychological treatment, as a result of Defendant's conduct.

40. At all relevant times, Defendant, by and through the actions and inactions of its agents, managers, employees, and HR officials, has failed to act in good faith towards Plaintiff and intentionally or recklessly ignored company non-

discrimination policies, or (2) was inadequately trained in recognition of discrimination in the workplace.

41. Plaintiff sustained monetary and other damages as a result of Defendant's conduct, including lost compensation and benefits (including medical benefits, 401K and life insurance contributions, vacation/PTO time and other benefits) and actual monetary losses, compensatory damages, liquidated damages, attorney's fees, costs and witness fees, and is entitled to equitable relief, including reinstatement, and an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in <u>Eshelman v. Agere Systems, Inc</u>., 554 F.3d 426 (3d Cir. 2009).

42. There is a causal link between the adverse actions and the employment actions herein.

## COUNT I

### DEENA SIMONE v.
### CATALENT PHARMA SOLUTIONS, LLC d/b/a CATALENT
### VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

### <u>AGE DISCRIMINATION</u>

43. Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

44. Plaintiff is in a protected class because of her age, 68 years old at the time of her termination.

45. Plaintiff was terminated because of her age or was treated differently or disparately by Defendant from similarly-situated younger individuals, including but not limited to, those who are not in a protected age class.

46. Plaintiff suffered adverse employment action(s) by Defendant because of her age, including being terminated.

47. Plaintiff has suffered damages caused by Defendant.

48. Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands the following relief from Defendant: (1) wages, employment benefits or other compensation denied or lost by such violation; (2) front pay wages; (3) equitable relief such as rehiring; (4) a reasonable attorney's fee as provided by the ADEA; (5) the employee's expert witness fee, if any; (6) rehire to Defendant to her former position (with all back and future benefits she would have been entitled to); (7) liquidated damages; (8) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in <u>Eshelman v. Agere Systems, Inc</u>., 554 F.3d 426 (3d Cir. 2009); (9) other costs of the action.

## COUNT II

## DEENA SIMONE v.
## CATALENT PHARMA SOLUTIONS, LLC d/b/a CATALENT
## VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT

### AGE DISCRIMINATION

49. Plaintiff realleges and incorporates the foregoing paragraphs as if they were set forth fully herein.

50. Plaintiff is in a protected class because of her age, being 68 years old at the time of her termination.

51. Plaintiff was terminated because of her age or was treated differently or disparately by Defendant from similarly-situated younger individuals, including but not limited to, those who are not in a protected age class.

52. Plaintiff suffered adverse employment action(s) by Defendant because of her age, including being terminated.

53. Plaintiff has suffered damages caused by Defendant.

WHEREFORE, Plaintiff demands the following relief from Defendant: (1) wages, employment benefits or other compensation denied or lost by such violation. including back pay and front pay wages; (2) equitable relief such as rehiring; (3) a reasonable attorney's fee as provided by the PHRA; (4) the employee's expert witness fee, if any; (5) rehire to Defendant to her former position (with all back and future benefits she would have been entitled to); (6)

damages for pain, suffering, humiliation, and emotional distress; (7) an additional amount for the tax consequences for an award in Plaintiff's favor under the Third Circuit's ruling in <u>Eshelman v. Agere Systems, Inc</u>., 554 F.3d 426 (3d Cir. 2009); and (8) other costs of the action.

                                        Respectfully submitted,

Date:  December 4, 2025         BY:  */s/ Edward C. Sweeney*
                                              Edward C. Sweeney, Esquire
                                              Attorney for Plaintiff
                                              102 Pickering Way
                                              Suite 403
                                              Exton, PA  19341
                                              (610) 594-1600
                                              Validation of signature code: ECS1942

# EXHIBIT A

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Philadelphia District Office
801 Market St, Suite 1000
Philadelphia, PA 19107
(267) 589-9700
Website: www.eeoc.gov

# NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 09/10/2025

**To:** Mrs. Deena Simone
901 Biddle Lane
Phoenixville, PA 19460

Charge No: 530-2025-04120

EEOC Representative:    Legal Unit
(267) 589-9707

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge. The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court WITHIN 90 DAYS of your receipt of the EEOC's official notice of dismissal. Otherwise, your right to sue based on the above-numbered charge will be lost.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 530-2025-04120.

On behalf of the Commission,

Digitally Signed By: Karen McDonough
09/10/2025

Karen McDonough
Deputy Director

**Cc:**
Bonnie Mullen Leonard
Catalent Pharma Solutions
14 Schoolhouse Road
Somerset, NJ 08873

Edward C Sweeney Esq.
Wusinich, Sweeney & Ryan, LLC
102 Pickering Way Suite 403
Exton, PA 19341

Please retain this Notice for your records.

Enclosure with EEOC Notice of Closure and Rights (05/25)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* EEOC's official notice of dismissal**. You should **keep a record of the date you received EEOC's official notice of dismissal**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving EEOC's official notice of dismissal (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA, or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of your receipt of EEOC's official notice of dismissal and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of EEOC's official notice of dismissal, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method).  You may also submit a

Enclosure with EEOC Notice of Closure and Rights (05/25)

FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 530-2025-04120 to the District Director at Karen McDonough, 801 Market St Suite 1000, Philadelphia, PA 19107.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 530-2025-04120 to the District Director at Karen McDonough, 801 Market St Suite 1000, Philadelphia, PA 19107.

You may request the charge file up to 90 days after receiving EEOC's official notice of dismissal. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.